# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00036-CR

**Charles Randel Wiethorn, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT NO. D-08-0748-SB, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found the appellant, Charles Randel Wiethorn, guilty of assault on a public servant. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b) (West 2011). The trial court assessed punishment, enhanced by two prior felony convictions, at 45 years' imprisonment. Wiethorn appealed his conviction with the aid of court-appointed attorneys. His first two attorneys filed motions to withdraw as counsel, supported by briefs asserting that Wiethorn's appeal was frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967). In response, Wiethorn filed pro se briefs asserting that he had an arguable ground for appeal, namely that the trial court erred by refusing to instruct the jury it could convict him of the lesser-included offense of resisting arrest. *See* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006) (defining "lesser-included offense"); Tex. Penal Code Ann. § 38.03(a) (West 2011) (listing elements of offense of resisting arrest). We concluded that Wiethorn

had raised an arguable ground for appeal, so we remanded the cause for appointment of new counsel and new briefing on the issue. Having finally received full briefing, we affirm the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 15, 2008, a bystander observed Wiethorn struggling in the water of the Concho River. She called for police assistance, and San Angelo Police Officer Todd Dornhecker responded to the scene. He helped Wiethorn out of the water and then determined that Wiethorn appeared intoxicated. Accordingly, Dornhecker arrested Wiethorn for public intoxication and handcuffed him.

San Angelo Police Officer Terry Edge was assigned to transport Wiethorn to jail. Edge testified that while he attempted to put the handcuffed Wiethorn into the back of his patrol car, Wiethorn struggled and resisted. Wiethorn's body turned sideways, he fell backward into the car, and his upper body became wedged in the space between the rear seat and the cage separating the rear seat from the front seat. Wiethorn's legs were protruding from the car toward Edge, and Wiethorn's body was lying facing-up. Edge reached into the car to grab Wiethorn and reposition him. He testified that when he did so, Wiethorn began to kick, striking the car door and then Edge's groin with his right foot. Edge then pulled Wiethorn out of the car and took him to the ground. Wiethorn got back up, and Edge took him to the ground again. During the struggle, Edge's left knee and right hand hit the ground, leaving scuff marks on his left pant leg and abrasions on his right wrist and knuckles. Wiethorn's head hit the ground too, leaving cuts and bruises on his face. Edge eventually regained control of Wiethorn, secured him in the back of the patrol car, and transported him to jail.

2

The State charged Wiethorn with assault on a public servant, and Wiethorn pleaded not guilty. During trial, the State introduced photographs into evidence that showed Officer Edge's condition shortly after the events in question. Among other things, the photographs showed a footprint on the groin area of Edge's pants. In testifying to the above events, Edge repeatedly characterized Wiethorn's behavior during the altercation as "resisting." He also initially testified that Wiethorn "planted" his foot in his groin rather than "kicked" him in the groin. In follow-up questioning, however, he clarified that Wiethorn had in fact "kicked" him. Edge also testified that he believed Wiethorn intended to kick him directly in the groin, stating, "Kicking somebody there in that spot is pretty deliberate."

Edge testified that Wiethorn caused him physical pain when he kicked him, but on cross examination he admitted that on the night in question he told a colleague that Wiethorn had not hurt him. Edge also admitted that on the night in question he said to a colleague, "He [Wiethorn] *tried* to kick me when I was pulling him, putting him in the car, and that was the wrong idea." (Emphasis added.) Edge explained these statements by saying that Wiethorn had in fact kicked and hurt him, but when Edge was speaking with his colleague Wiethorn was nearby, and Edge did not want Wiethorn to know that he had hurt him. Wiethorn's attorney followed up by asking Edge specifically whether he had said, "I am not hurt" on the night in question, and Edge replied, "As a protracted loss, no, I am not hurt, injured. Did it hurt? Yeah, it hurt, but was I out of commission, no." Edge admitted that he was released to go back on duty the same night.

Wiethorn subsequently took the stand. He testified that as he was being put in the patrol car he "struggled," "wasn't being obedient," and was "resisting," but he also testified that

3

kicking Edge was "the last thing that [he] would do." Later, on cross-examination, he was asked directly whether or not he kicked Edge, and he said, "I don't recall kicking anybody. That's all I can truthfully say." Wiethorn claimed that he could not recall all the details of his altercation with Edge, either because he was drunk during the altercation or because he hit his head on the asphalt during the altercation.

During the jury-charge conference, Wiethorn asked the court to give the jury a lesser-included-offense instruction on resisting arrest. The court refused. The jury convicted Wiethorn of assault on a public servant, and this appeal followed.

## STANDARD OF REVIEW

A trial court errs by refusing to give a lesser-included-offense instruction if (1) the lesser offense is included within the proof necessary to establish the charged offense and (2) some evidence exists that would permit a rational jury to find the defendant guilty of only the lesser offense. *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).

## DISCUSSION

Wiethorn was charged with assault on a public servant. He argues that the trial court erred by refusing to instruct the jury it could convict him of the lesser-included offense of resisting arrest. To determine whether the trial court erred, we engage in the two-step analysis laid out in *Hall*. *Id*. First, we compare the elements of the charged offense as alleged in the indictment with the elements of the potential lesser-included offense. *Id*. In performing this step, we do not consider the evidence that was presented at trial; instead, we consider only the statutory elements of the

4

charged offense as they were modified by the particular allegations in the indictment. *Id*. at 536. If this analysis reveals that the lesser offense is included within the proof necessary to establish the charged offense, only then will we proceed to the second step of the analysis, which involves determining whether some evidence exists that would permit a rational jury to find the defendant guilty of only the lesser offense. *Id*. at 535-36.

In this case, the indictment alleged that Wiethorn did

> intentionally, knowingly, or recklessly cause bodily injury to Terry Edge by kicking the said Terry Edge, and the defendant did then and there know that the said Terry Edge was then and there a public servant, to-wit: a police officer, and that the said Terry Edge was then and there lawfully discharging an official duty, to-wit: arresting said defendant.

*See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (listing elements of assault on public servant). In contrast, a person commits the offense of resisting arrest "if he intentionally prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest, search, or transportation . . . by using force against the peace officer or another." *Id*. § 38.03(a). Comparing the charged offense as alleged in the indictment with the proposed lesser-included offense, it is clear that the former could be proved with a less culpable mental state than the latter. *Gilmore v. State*, 44 S.W.3d 92, 96 (Tex. App.—Beaumont 2001, pet. ref'd) ("The assault offense includes a reckless mental state whereas resisting arrest proscribes only intentional conduct."). Additionally, the proposed lesser-included offense contains at least one element that the charged offense as alleged in the indictment does not: "prevents or obstructs." *See id*. ("prevents or obstructs" element of resisting-arrest statute is "not functionally the same or less than" any element of assault-on-public-servant statute). As a

5

result, on the facts of this case, the proposed lesser-included offense was not included within the proof necessary to establish the charged offense as alleged in the indictment. Thus, Wiethorn was not entitled to a lesser-included-offense instruction. *See Hall*, 225 S.W.3d at 536-37 (holding that defendant was not entitled to lesser-included-offense instruction because proposed lesser-included offense contained elements that charged offense did not).[1] We overrule Wiethorn's issue and affirm the conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Goodwin

Affirmed

Filed:   March 7, 2012

Do Not Publish

_____

[1] We express no opinion as to whether, post-*Hall*, resisting arrest could be a lesser-included offense of assault on a public servant given different facts.

6